UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLAS LEVERING,<br><br>Defendant. | Case No. 20-cv-01425-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiffs are a group of employee benefit plans and their fiduciaries. They have sued to enforce an arbitration award against defendant Douglas Levering, who is named "individually and doing business as Douglas Heating and Cooling (also known as Douglas Heating & Cooling)." Dkt. No. 1 ¶ 2. Levering asks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the sole ground that he is not personally liable for the award. Dkt. No. 12. The motion is denied.

As alleged in the complaint, Levering executed a Standard Form Union Agreement (SFUA) with the Sheet Metal Workers International Association Local Union No. 104 (Union) and the Bay Area Association of Sheet Metal and Air Conditioning Contractors National Association Chapters. Dkt. No. 1 ¶ 9. Levering signed in his capacity as president of Douglas Heating & Cooling. *Id.* Plaintiffs were third-party beneficiaries of this contract. *Id.*

In January 2019, Levering announced that he was shutting down his business. *Id.* ¶ 15. Despite that, he subsequently told the Union that he still intended to perform work covered by the SFUA and other bargaining agreements, but not as a Union contractor. *Id.* ¶ 17. The Union initiated a grievance proceeding under the SFUA, which provided for arbitration before a Local Joint Adjustment Board (LJAB), and for enforcement of awards in a court of "competent jurisdiction." *Id.* ¶¶ 10-12, 18-19. Levering did not appear at the duly noticed LJAB hearing. *Id.* ¶¶ 20-22. The LJAB issued an award in the amount of $132,302.60 against Douglas Heating & Cooling for violations of the SFUA. *Id.* ¶ 23. Levering did not appeal the award, and has not paid

any portion of it to plaintiffs.  *Id.* ¶¶ 27, 29.

Well-established standards govern Levering's motion to dismiss.  *See, e.g.*, *Wondeh v. Change Healthcare Practice Mgmt. Sols., Inc.*, No. 19-CV-07824-JD, 2020 WL 5630268, at *2 (N.D. Cal. Sept. 21, 2020).  The Court applies those standards here, and the parties' familiarity with them is assumed.

Dismissal is denied because Levering raises what is in effect a factual challenge to the complaint.  Plaintiffs alleged that Levering is personally liable for the award because his company was a doing-business-as or d/b/a entity, which "is merely descriptive of the person or corporation who does business under some other name.  Doing business under another name does not create an entity distinct from the person operating the business.  The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner."  *People v. Eastburn*, 189 Cal. App. 4th 1501, 1506 (2010) (internal citations, quotations, and alterations omitted).  Levering says that he is not liable because his company was a corporation and Levering is protected by the corporate form from personal liability.  *See* Dkt. No. 12 at 2.  Both parties submitted documents outside the complaint to support their arguments.  *See* Dkt. Nos. 13, 20, 21.  This evidence might be appropriate in a summary judgment context or at trial, but not here for this Rule 12(b)(6) pleadings challenge.  *See Heidingsfelder v. Ameriprise Auto & Home Ins.*, No. 19-CV-08255-JD, 2020 WL 5702111, at *4 (N.D. Cal. Sept. 24, 2020).  The Court declines to take judicial notice of the documents or infer from them the truth of any disputed facts in the complaint.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1003 (9th Cir. 2018).  All of the notice requests are denied.

The parties are free to file early summary judgment motions as they believe the record warrants.  Multiple summary judgments are not permitted, so the parties should be mindful of how they would like to proceed.  A case management conference is set for April 8, 2021, at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: February 2, 2021

JAMES DONATO
United States District Judge